IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMIT ISRAELI,                                                      OPINION AND
                                                                   ORDER
                  Plaintiff,
                                                                   09-cv-20-bbc
     v.

DOTT. GALLINA S.R.L.,
DARIO GALLINA and
DAVID GALLINA,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary relief brought by plaintiff Amit Israeli for breach of contract, breach of fiduciary duty and breach of defendants' statutory obligations as members and managers of a limited liability company under Wis. Stat. § 183.0402. Plaintiff filed this suit initially in the Circuit Court for Rock County, Wisconsin. Defendants removed the suit on January 13, 2009, alleging federal jurisdiction under 28 U.S.C. § 1332.

      In their notice of removal, defendants alleged that defendants Dario and David Gallina are citizens of Italy and that defendant Dott. Gallina S.r.l. is a foreign limited liability company organized under the laws of Italy, but failed to provide information about the citizenship of each member of Dott. Gallina, as they must do to establish jurisdiction.

1

Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007). "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." Id.  I asked defendants to submit a supplement to the notice of removal specifying the citizenship of each member of the corporation.  The affidavits submitted show that all four of Dott. Gallina's shareholders are citizens of Italy.  Because the plaintiff is a citizen of the state of Wisconsin, complete diversity exists among between the parties. In addition, plaintiff alleges more than $800,000.00 in damages, which satisfies the amount in controversy requirement under §1332.

Presently before this court is defendants' motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  Defendants rely on a forum selection clause in an attachment to the parties' contract that makes the Court of Turin in Italy the exclusive forum for disputes over the agreement.  Plaintiff counters with two arguments:  (1) the forum selection clause is not applicable to the present dispute and (2) the forum selection clause is unconscionable.  Because the forum selection clause covers the dispute between the parties and is both valid and enforceable, defendants' motion to dismiss must be granted.

From the affidavits submitted by the parties, I find the following facts to be undisputed.

2

FACTS

Plaintiff, a native of Israel, has resided in the state of Wisconsin since August 1998 and became a naturalized United States citizen on June 25, 2007. He holds a Bachelor of Science degree in mechanical engineering from the Israel Institute of Technology.

In July 2002, plaintiff began discussing a potential business venture with defendants Dario Gallina and David Gallina. Dario Gallina is the Chief Executive Officer of Dott. Gallina S.r.l., a family-owned corporation located in Turin, Italy. David Gallina is a member of Dott. Gallina's board of directors and serves as the company's sales director. The parties' goal was to establish a business plan for marketing Dott. Gallina products in the United States.

On October 25, 2002, plaintiff and defendant Dario Gallina, acting on behalf of Dott. Gallina, signed an operating agreement in Turin, Italy for Gallina USA LLC, Inc., a limited liability company organized under the laws of the state of Wisconsin. Dott. Gallina was to sell polycarbonate sheets and other related plastics to Gallina USA for re-fabrication, manufacturing and sale by Gallina USA to its customers in the United States, Mexico, Canada and Puerto Rico. According to the operating agreement, plaintiff owns 30% of Gallina USA and Dott. Gallina owns the remaining 70%.

The operating agreement requires Gallina USA to "purchase from [Dott. Gallina] all products [Gallina USA] markets or distributes." It also states that the purchase price for the

3

products "will be based on the price list attached" to the agreement. The attached price list includes Dott. Gallina product names, prices for products and pictures of products.

Although the operating agreement is written in the English language, the price list is written in Italian. Plaintiff does not read or speak Italian; he did not ask for or receive a translation of the price list during the negotiations; and he did not have legal counsel present. Plaintiff used the price list to match pictures of the products with the products' listed prices in Euros. Both sides signed the operating agreement and the cover page to the price list and initialed each page of the operating agreement and the price list.

The operating agreement includes a choice of law provision: "[t]his agreement shall be governed and construed in accordance with the laws of the State of Wisconsin." The last page of the price list includes a number of provisions written in Italian. One provision states that "[t]he exclusive jurisdiction for any disputes shall be the Court of Turin."

OPINION

When assessing the validity of a forum selection clause, the first step is to determine whether state law or federal common law "governs the issue of validity." IFC Credit Corp. v. Aliano Brothers General Contractors, Inc., 437 F.3d 606, 608 (7th Cir. 2006). In this case, the parties do not argue that the court should apply state law instead of federal common law, or vice versa. Rather, they agree that Wisconsin law and federal law are the same.

4

The general rule in contract law is that the "parties to a contract may expressly or impliediy [sic] agree that the law of a jurisdiction other than that of the domicile or the place of signing shall control." Jefferis v. Austin, 182 Wis. 203, 205, 196 N.W. 238 (1923) (citing Brown v. Gates, 120 Wis. 349, 352, 97 N.W. 22 (1904); International Harvester Co. v. McAdam, 142 Wis. 114, 118, 124 N.W. 1042 (1910)). The parties' operating agreement states explicitly that "[t]his agreement shall be governed by and construed in accordance with the laws of the State of Wisconsin." Because the parties do not identify any reason for not applying this choice of law provision to this dispute, I will look to Wisconsin law to determine the validity of the forum selection clause in the price list.

Plaintiff argues that the forum selection clause in the price list does not apply to the current dispute because it was not mentioned in the body of the operating agreement, but his argument is unpersuasive. The crux of plaintiff's claim is that Dott. Gallina "overcharged Gallina USA for polycarbonate sheets and plastic products." The operating agreement states that "[t]he purchase price will be based on the price list attached" and the price list sets forth the purchase price for the products. The dispute falls directly within the scope of the price list because it pertains to product pricing.

Generally, a plaintiff's decision about where to file a lawsuit is entitled to great weight. Converting/Biophile Labs., Inc. v. Ludlow Composites Corp., 2006 WI App 187, ¶ 21, 296 Wis. 2d 273, 722 N.W.2d 633. However, a valid forum selection clause may supersede the

5

plaintiff's choice of forum. Id. In Wisconsin, there is a "strong presumption favoring venue" in the forum specified in the clause. Id. ¶ 22 (citing Pietroske, Inc. v. Globalcom, Inc., 2004 WI App 142, ¶ 1, 275 Wis. 2d 444, 685 N.W.2d 884). Forum selection clauses should be enforced unless "enforcement is shown to be unreasonable under the circumstances." Id.; Beilfuss v. Huffy Corp., 2004 WI App 118, ¶ 17, 274 Wis. 2d 500, 685 N.W.2d 373; M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). "[W]here a forum-selection clause is deemed to be unconscionable or a violation of public policy, we have declared it unreasonable and have refused to enforce it." Converting/Biophile Labs., 2006 WI App 187, ¶ 22.

Relying on Leasefirst v. Hartford Rexall Drugs, Inc. 168 Wis. 2d 83, 483 N.W.2d 585 (Ct. App. 1992), plaintiff argues that the forum selection clause in the price list is unconscionable. (He does not contend that enforcing the forum selection clause would violate public policy). In Leasefirst, the Wisconsin Court of Appeals held that "unconscionability means the absence of a meaningful choice on the part of one party, together with contract terms that are unreasonably favorable to the other party." Id. at 89. "The balance tips in favor of unconscionability when there is a certain quantum of procedural unconscionability plus a certain quantum of substantive unconscionability." Id. at 90. Procedural unconscionability encompasses "factors bearing on the meeting of the minds of the contracting parties," while substantive unconscionability "pertains to the reasonableness

6

of the contract terms themselves." Id. at 89-90. In evaluating unconscionability, courts consider such factors as age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract and whether the terms were explained to the weaker party. Pietroske, 2004 WI App 142, ¶ 6 n.3 (quoting Discount Fabric House of Racine, Inc. v. Wisconsin Telephone Co., 117 Wis. 2d 587, 602, 345 N.W.2d 417 (1984)). When balancing procedural and substantive unconscionability, courts are required to "consider each questionable forum-selection clause on a case-by-case basis." Id. ¶ 6.

In this case, the factors guiding a determination regarding procedural unconscionability are mixed. Defendants point out that the plaintiff has a college education and prior experience related to marketing polycarbonate products. The record contains no evidence that the relative bargaining power between the parties was unequal.

Plaintiff relies on the allegation that the price list was added to the operating agreement for reference "[a]t the last minute in negotiations" and was not fully negotiated or explained. In an affidavit, Dario Gallina contests plaintiff's allegation, stating that the price list "was discussed at length from the beginning of the negotiations" and that plaintiff "was provided a copy of the Price List in advance of our last meeting in Turin Italy." I need not resolve this dispute because the parties agree that plaintiff never requested a translation of the price list and did not review the provisions of the price list with a lawyer. Because the provisions in the price list are written in Italian and plaintiff says that he does not read or

7

speak Italian, he would have had no knowledge of the forum selection clause before signing the price list. "[T]he existence of the clause and its effect came as a surprise." Leasefirst, 168 Wis. 2d at 90. This is not a case in which "both parties accept a specific forum with the intention of utilizing that forum's neutrality and experience in a particular area of the law, and where the clause is a vital part of the contract and its consideration results from extensive negotiations." Id. Plaintiff is correct in asserting that there is some degree of procedural unconscionability.

However,"[b]efore a forum-selection clause can be found to be unenforceable, there must be both a quantum of procedural unconscionability plus a quantum of substantive unconscionability." Pietroske, 2004 WI App 142, ¶ 12. Plaintiff's unconscionability argument fails because the substance of the clause itself is not unconscionable. The parties negotiated and signed the operating agreement in Turin, Italy. It is reasonable for Dott. Gallina to choose its "headquarters' city as the forum of choice." Pietroske, 2004 WI App 142, ¶ 7. It is also reasonable to require plaintiff to travel to Turin, Italy, where the operating agreement was negotiated and signed, to pursue his claim against Dott. Gallina. In this respect, the case is unlike Leasefirst, 168 Wis. 2d at 90, where the forum selection clause gave Leasefirst "the exclusive and absolute right to pick any forum where Leasefirst does business," not just the court in its home town.

Plaintiff argues repeatedly that he could not and did not read the forum selection

8

clause, but this argument is a nonstarter: "[f]ailure to read a contract, particularly in a commercial contract setting, is not an excuse that relieves a person from the obligations of the contract." Pietroske, 2004 WI App 142, ¶ 11. "[I]n their dealings with each other, [parties] cannot close their eyes to the means of knowledge equally accessible to themselves and those with whom they deal, and then ask courts to relieve them from the consequences of their lack of vigilance." Carney-Rutter Agency, Inc. v. Central Office Buildings, Inc., 263 Wis. 244, 253, 57 N.W.2d 348, 352 (1953); see also Paper Express, Ltd v. Pfankuch Maschinen GmbH, 972 F.2d 753, 757 (7th Cir. 1992) ("[A] blind or illiterate party (or simply one unfamiliar with the contract language) who signs the contract without learning of its contents would be bound. Mere ignorance will not relieve a party of her obligations and she will be bound by the terms of the agreement . . . [A] party who agrees to terms in writing without understanding or investigating those terms does so at his own peril.").

Equally unpersuasive is plaintiff's argument that the forum selection clause was written in a foreign language. MCC-Marble Ceramic Center, Inc. v. Ceramica Nuova D'Agostino 144 F.3d 1384, 1387 n.9 (11th Cir. 1998):

> MCC makes much of the fact that the written order form is entirely in Italian and that Monzon, who signed the contract on MCC's behalf directly below this provision incorporating the terms on the reverse of the form, neither spoke nor read Italian. This fact is of no assistance to MCC's position. We find it nothing short of astounding that an individual, purportedly experienced in commercial matters, would sign a contract in a foreign language and expect not to be bound simply

9

>because he could not comprehend its terms. We find nothing in the CISG that might counsel this type of reckless behavior and nothing that signals any retreat from the proposition that parties who sign contracts will be bound by them regardless of whether they have read them or understood them.

"Rights under a contract are not forfeited by the other party's failure to read it." United States v. Stump Home Specialties Manufacturing, Inc., 905 F.2d 1117, 1120 (7th Cir. 1990).

In sum, plaintiff has failed to demonstrate that enforcing the forum selection clause would be unreasonable. I conclude that the forum selection clause governs the present dispute and is both valid and enforceable.

ORDER

IT IS ORDERED that the motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), dkt. #4, filed by defendants Dott. Gallina S.r.l., Dario Gallina and David Gallina is GRANTED.

Entered this 7th day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Jude